UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VICTORIA STANDBERRY                                    JURY TRIAL DEMANDED

v.                                                                     CASE NO.  3:18CV

FEDCHEX RECOVERY, LLC

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), l5 U.S.C. § l692.

2. JURISDICTION: The Court has jurisdiction. l5 U.S.C. § 1692k and 28 U.S.C. §1331 and § 1367.

3. Plaintiff is a natural person who is a citizen of Connecticut.

4. Plaintiff is a consumer within the FDCPA in that the account involved in defendant's collection efforts arose out of a personal textbook rental, used for personal educational purposes.

5. Plaintiff has standing, in that defendant directed its collection activities to her, and she was harmed by its violation of her interest in obtaining information to which she is statutorily entitled.

6. Defendant regularly attempts to collect debts allegedly owed to another, which it accomplishes by use of the means of interstate commerce, such as telephone, mail, or over the internet.

7. Defendant is licensed as a consumer collection agency by the Connecticut Banking Department, and has been a member of ACA International, the collectors' trade organization, since 2002.

8. Defendant has been authorized to do business in Connecticut since June 2013.

9. In September, 2017, defendant sent a collection letter to plaintiff at her Connecticut address.

10. The letter did not disclose defendant's true name, but instead used FCR Collection Services as the source of the letter and as the payee of any check.

11. FCR Collection Services is not authorized to do business in Connecticut, is not licensed as a collection agency in Connecticut or anywhere else, and does not seem to be an actual entity.

12. Defendant added a $50 collection fee to the $30.50 account, which is not permitted by Conn. Gen. Stat. § 36a-805(12) and 15 U.S.C. § 1692f(1).

13. Defendant used the fictitious name of FCR Collection Services, in violation of the plain language of 15 U.S.C. §1692e(14).

14. FCR is not a person that can enter into a contract, or sue, or be sued. 1 U. S. Code §1; Conn. Gen. Stat. §1-1(k).

15. Defendant has not filed a trade name certificate with any town clerk in Connecticut as required by Conn. Gen. Stat. § 35-1.

16. Section 35-1 provides, "Any person conducting or transacting business in violation of the provisions of this subsection shall be fined not more than five hundred dollars or imprisoned not more than one year. Failure to comply with the provisions of this subsection shall be deemed to be an unfair or deceptive trade practice under subsection (a) of section 42-110b."

17. Upon information and belief, defendant conceals its true name only from consumer

debtors.

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law including $1,000 statutory damages.

2. Award the plaintiff costs of suit and a reasonable attorney's fee;

3. Award such other and further relief as law or equity may provide.

                THE PLAINTIFF

BY____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
faulknerlawoffice@snet.net